UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-CV-3249 |
| | ) | |
| GARY KULHAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.[3]

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts

1

must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. He has identified five Defendants in his complaint including Security Therapist Aides Gary Klhan, Shon Orrill and Patrick Sullivan; Facility Director Gregg Scott and Director Kevin Winters.

The Plaintiff says he either uses a wheelchair or walks with a cane while at Rushville. However, on January 31, 2013, he was leaving the facility on a medical writ when Security Therapist Aides Sullivan and Kulhan handcuffed him at the waist. The Plaintiff told the Defendants he could not walk without assistance, but they refused to change his handcuffs or take any other steps to assist him. The Plaintiff says as he attempted to get in the van, but fell on his wrist. Security Therapist Aides Shon Orrill and Patrick Sullivan simple laughed at him and tried to push him into the van. The Plaintiff does not state what specific injuries he suffered, but claims his 400 pounds fell on his wrist. The Plaintiff further alleges he suffers from an unspecified "handicap" and needs a handicap van for transport, but the officers refuse to provide it. (Comp., p. 5).

The Plaintiff has sufficiently alleged Defendants Sullivan, Kulhan and Orrill were deliberately indifferent to a substantial risk of harm when they refused to provide the Plaintiff with any assistance during his transport. The Plaintiff will need to clarify what specific injuries he suffered during the discovery process. *See Withers v. Wexford Health Sources, Inc.,* 710 F.3d 688, 689 (7th Cir. 2013)(court says plaintiff who fell after

complaining of back pain and refused assistance climbing into bunk bed states claim of deliberate indifference to an imminent injury pursuant to section 1983); *Lawrence v. Dart,* No. 13–C–2053, 2013 WL 3672090, at \*3 (N.D.Ill. July 12, 2013) (determining that an amputee detainee incurring injuries after falling down stairs and using non-handicap accessible toilet had a valid § 1983 claim against Defendant Dart).

The Plaintiff has failed to articulate a claim against Defendants Director Scott and Director Kevin Winters. First, the Plaintiff does not mention either Defendant in the body of his complaint. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.") Second, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Finally, the Plaintiff has failed to articulate an official capacity claim against any named Defendant. See *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

The Plaintiff has also filed a motion for appointment of counsel.[4] In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"

*Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence that he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, the motion is denied with leave to renew. [4]

**IT IS ORDERED:**

    1.    Plaintiff's petition to proceed in forma pauperis is granted.[3].

    2.    Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendants Sullivan, Kulhan and Orrill were deliberately indifferent to a substantial risk of harm when they refused to provide the Plaintiff with any assistance during his transport. The claim is stated against the Defendants in their individual capacities only. This case proceeds solely on the claim identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    3.    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    4.    The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to

file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

     5.     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

     6.     Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

     7.     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.     Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9.     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.    If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.    **The Clerk is directed to: a) grant Plaintiff's motion to proceed in forma pauperis [3]; b) enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; c) attempt service on Defendants pursuant to the standard procedures; d) dismiss Defendants Scott and Winter for failure to state a claim upon which relief can be granted; and e) deny Plaintiff's motion for appointment of counsel with leave to renew.[4].**

Entered this 30th day of September, 2014.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE